## BENNETT v. MARTIN.

A plea admitting the existence of a patent but denying its validity is bad, as the plea refers a matter of law to the jury.

Error to the circuit court of Cole county.

*Todd & Kirtly counsel for Appellant.*

1. That the pleas are affirmative to avoid the patent and consideration of the note *ab initio.*

2. That he must prove every fact necessary, and produce the patent.

*Hayden and Leonard, counsel for Appellee.*

1. That the burthen of proving the existence of a patent for the Truss mentioned in the pleadings, devolved upon the plaintiff, and having failed to give or offer any, the non suit was proper. See 3 Phil. on evidence, 490, apothecary's company v. Bently. Ky and Mood N. P. 159. 1 John. 513. 1 Starkie 322, 3, 4. C. T. R. 40, top paging.

*Opinion of the court by Tompkins Judge.*

Bennett brought his suit against Martin in the circuit court; and the judgment there being in favor of the defendant, Bennett prosecutes this writ to reverse that judgment.

The plaintiff declared on a bond, made to him by Martin for the payment of five hundred dollars. The defendant pleaded in bar that the bond was given in consideration of the right and privilege of a certain supposed patent right existing under the United States, called and known as Stagner's Patent Truss for curing the Hernia; and that the defendant did, to secure the payment of the said sum of money, make, execute and deliver the said writing obligatory and for no other consideration, and avers that at the time when the plaintiff sold to the defendant the said privilege and right of using the said supposed patent right as aforesaid, the said supposed patent was, and ever since have been and still is, void in law, and of no effect or validity whatever. To this plea the plaintiff replied, denying that his patent was void. An issue was made and the plaintiff gave the bond in evidence. The court, on motion of the counsel for the defendant, instructed the jury, that the plaintiff had not made out his case, and that they must find for the defendant.— Upon this, the plaintiff took a non suit, with leave to move to set it aside. This motion was over ruled by the circuit court.

This plea admits the existence of a patent, but denies its validity. If the counsel for the defendant had desired to test the validity of the patent, then they should have pleaded, that there was no such patent, and on the production of the instrument in court by the plaintiff, the defendants counsel might have given in evidence, any fact which would ren-

*A plea admitting the existence of a patent, but denying its validity is bad, as the plea refers a matter of law to the jury.*

AUGUST TERM. der that instrument void in law. Framed as the plea is,
1840. the law is left to be found by the jury. The plaintiff ought
Thomas   to have demurred to this plea.
v.
Reynolds.         The judgment of the circuit court is reversed and the
cause is remanded for further proceedings, and the defend-
ant, if he wishes, will be allowed to withdraw his plea and
plead again.